DEVERUS BARRETT v. GEORGE ROWE.

*Replevin—Impounded animals—Sale.*

1. Under a village ordinance requiring the pound-master to sell at public auction animals which have been impounded for a period of eight days, and are unclaimed, and to give six days' notice of such sale, a sale cannot be made until the eight days have expired, and not then until the notice provided for is given, which notice is a part of the proceedings to sale, and cannot be given until the expiration of the eight days of impounding, the object being to give the owner fourteen days in which to redeem his property before its sale.

2. Chapter 289, How. Stat. (How. Stat. §§ 8372–8374), providing for a special action of replevin in the case of impounded animals, is confined to cases arising under its provisions.

Error to Cheboygan. (Ramsdell, J.) Argued November 6, 1889. Decided December 28, 1889.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*George W. Bell*, for appellant.

*Watts S. Humphrey*, for plaintiff.

SHERWOOD, C. J.    This action is replevin for a cow,
and was tried in the Cheboygan circuit before the court
without a jury, and judgment was given for the plaintiff.
Defendant brings error.    The facts in the case are all
conceded, and are as follows:

"That the cow in question was impounded on the
night of August 30; that notice of sale was posted on
September 1; that the sale took place on September 8.
Plaintiff replevied the cow, claiming that the sale was
illegal, and did not divest him of the title to the animal.
Plaintiff raises no question regarding the validity of the
village ordinance; admitting that, if their proceedings
leading up to the sale were proper, they had a right to
go on and make the sale.    But said plaintiff claims that
the proceedings leading up to the sale were illegal and
unauthorized, in this:    That the village ordinance of
Mackinaw City provided as follows:

' "SEC. 9. The pound-master shall (at the public pound) sell at
public auction any animal which has been impounded therein for
a period of eight days, and is unclaimed, or whose owner refuses
to pay the fees hereinbefore provided.  Notice of such sale shall be
given at least six days prior thereto, and shall contain a descrip-
tion, as near as may be, of the animal to be sold, and shall be
posted in conspicuous position in the three following places, to wit:
At the post-office, at the south-east corner of lot twenty in block
number sixty-three, and at the pound where such sale is to be held,'
etc.

"The plaintiff's position is that no legal notice of sale
can be posted, and no proceedings taken leading up to
the sale, till that eight days have expired.    Defendant,
however, claims, even if that were so, that then, under
the statute, plaintiff had no right to replevin the animal
in that way; that said plaintiff ought to have proceeded
under the statute relative to distraining cattle.    It is
also conceded by plaintiff that he knew of the fact of said
cow being impounded, but that at the time of sale he
forbade the same.    It is also conceded that the value of
the cow was the sum of fifty dollars."

The position of counsel for plaintiff is correct.    The
sale provided for under the ordinance of the village of
Mackinaw City could not be made until eight days after

the animal is impounded, and not then until six days' previous notice of the same had been given. The notice is a part of the proceedings to sale, and cannot be taken until after the eight days of impounding have expired under the ordinance. It was evidently intended to give the owner an opportunity for fourteen days to redeem his property before making sale thereof. The sale was premature.

The plaintiff had the right to bring the action he did to recover his property. That provided for under chapter 289, How. Stat. §§ 8372–8374, applies to cases arising under the provisions of that chapter, and is confined thereto.

The judgment at the circuit must be affirmed.

The other Justices concurred.